Mr. Rich Howell, Interim Director Arkansas Department of Human Services P.O. Box 1437 Little Rock, AR 72203-1437
Dear Mr. Howell:
This is in response to former Director Walt Patterson's request for an opinion on several questions involving A.C.A. § 12-12-501
et seq. (Child Abuse Reporting) and A.C.A. § 20-78-201 et seq. (Child Care Facility Licensing Act). A question has also been posed with regard to the Arkansas Freedom of Information Act ("FOIA"). The questions will be restated and answered seriatim.
1. The Child Care Licensing Unit is a unit included in the Division of Children Family Services, the agency which has the responsibility for administration of the adoption, foster care and children's protective services programs of the State. The licensing unit does have child protection responsibilities related to the inspection of facilities and the provision of assistance in the investigation of facility staff accused of child abuse. Our question concerns whether or not the Division of Children and Family Services has the authority, per Arkansas Code Annotated § 12-12-515, to share it's Child Protective Services Central Registry's child abuse and neglect records with the Division's licensing unit since both programs are located within the same Division.
It is my opinion that the answer to this question is, generally, "yes." The Child Care Licensing Unit's ("Licensing Unit") access to these records is, in my opinion, generally consistent with the language of A.C.A. § 12-12-515 pertaining to disclosure as limited to "(t)he administration of the adoption, foster care, or children's protective services programs of the State of Arkansas." See A.C.A. § 12-12-515(a)(1) and (d)(1) (Supp. 1987).
It is significant to note in this regard that the Division of Children and Family Services ("Division") is the administrative agency under the Child Care Facility Licensing Act. A.C.A. § 20-78-218 (Supp. 1987).*
The Division clearly has investigative authority in connection with any alleged or suspected child abuse in any child care facility. See A.C.A. § 20-78-214 (b). The Licensing Unit, a unit included in the Division, according to your correspondence has child protection responsibilities related to the inspection of the facilities and the investigation of alleged abuse. It may therefore reasonably be concluded that the Licensing Unit's access to the Central Registry records would fall within the disclosure envisioned under § 12-12-515, which as previously noted is limited in part under subsections (a) and (d) to "(t)he administration of . . . children's protective services programs of the State of Arkansas."
The Licensing Unit's access to the records may also fall within the language of § 12-12-515(a)(2) (Supp. 1987) limiting disclosure to, inter alia, "(a)ny investigation . . . conducted in connection with the administration of the plan or program."
2. Does the Division of Children and Family Services have the authority, per Arkansas Code Annotated § 12-12-515, to limit access to the Central Registry by the Child Care Facility Review Board when said Board is required by Arkansas Code Annotated § 20-78-214 to inspect and investigate facilities and personnel for child abuse in the determination of licensure actions?
The Division should not, in my opinion, as a general matter limit the Child Care Facility Review Board's ("Review Board") access to the records. It should be noted that the Review Board may, in accordance with A.C.A. § 20-78-214(a), inspect and investigate child care facilities and personnel, and it has the specific authority under subsection (b) of that section to investigate any alleged or suspected child abuse in any facility. This investigative authority would appear to be in connection with the administration of a children's protective services program for purposes of the disclosure of reports that are determined to be founded.**
Subsection (a)(5) of § 12-12-515 (Supp. 1987) may also be cited in support of the Review Board's access to reports that are founded. The purposes for which disclosure of "founded" reports is limited [to] include, under this subsection, "(t)he administration of any federal or federally assisted program which provides assistance, in case or in kind, or services directly to individuals on the basis of need." In this regard, it should be noted that the Director of the Department of Human Services is authorized under A.C.A. § 20-78-215
to promulgate rules and regulations implementing such federal requirements as may be imposed upon the states in order to share in federal funds made available for the purposes of reducing and eliminating child sexual abuse in child care facilities. We lack information sufficient to determine whether the federal program "provides assistance . . . directly to individuals on the basis of need" for purposes of A.C.A. § 12-12-515. If it does, any regulation promulgated under § 20-78-215 should be considered, in light of the fact that these regulations ". . . may address federally mandated requirements for employment history and background checks . . . for all operators, staff, or employees, or prospective operatives, staff, or employees of the child care facilities or programs as defined in A.C.A. § 20-78-151(b)." See A.C.A. § 20-78-215(a).
A distinction may, however, apply in the case of Central Registry reports that are determined to be "unfounded," or unsubstantiated. Disclosure in that instance is limited to "(t)he administration of the adoption, foster care, or children's protective services programs of the State of Arkansas" and to "(a)ny person who is the subject of the report." A.C.A. § 12-12-515 (d)(1) and (2) (Supp. 1987). It is significant to note in this regard that the legislature has designated the Division of Children and Family Services of the Department of Human Services as "the administrative agency to administer the provisions of (the Child Care Facility Licensing Act). . . ." A.C.A. § 20-78-218
(Supp. 1987). A question may therefore arise in connection with the disclosure of a UNFOUNDED report to the Child Care Facility Review Board. While legislative intent in this regard is by no means clear, it may be successfully contended that the Division has the authority to limit the Review Board's access to reports that are determined to be unfounded.
If access to the Central Registry records is authorized by law, what guidelines would apply to the release of information concerning licensees, applicants for licensure, and staff of licensed facilities? Would the guidelines be similar for both the Child Care Facility Review Board and the Child Care Licensing Unit. Do any other limitations apply in consideration of the fact that the records of the Licensing Unit and the meetings of the Review Board are open to the public?
The deputy director of the "appropriate division of the Department of Human Services" has the duty and authority under A.C.A. § 12-12-515(c) (Supp. 1987) to "establish, by regulation, criteria for the application of the criteria set forth in (Subchapter 5 of Chapter 12 of Title 12)." Thus, guidelines established pursuant to § 12-12-515(c) will apply in connection with the disclosure of reports and other information obtained under A.C.A. § 12-12-501 et seq. (Child Abuse Reporting).
The answer to the second part of this question may vary, depending upon whether the report was determined to be founded or unfounded. As a unit within the agency responsible for administering the Child Care Facility Licensing Act, the Child Care Licensing Unit's access to reports, including those determined to be unfounded, may be premised upon A.C.A. § 12-12-515 (d)(a) (Supp. 1987). See discussion above. As previously noted, an argument may be made in favor of limiting the Review Board's access to such records.
It must be initially noted in response to the third part of this question involving other limitations, that reports and other information obtained under A.C.A. § 12-12-501 et seq. are confidential and may only be disclosed for the purposes listed in § 12-12-515. Section 12-12-515(a) (Supp. 1987) states:
 Reports made pursuant to this subchapter, as well as any other information obtained, and reports written or photographs taken concerning reports in the possession of the department, as well as information concerning individuals assisted by the State of Arkansas as part of the state's adoption, foster care, or children's protective services programs, shall be confidential and may by used or disclosed only for the purposes listed in this section. . . .
The fact that records of the Licensing Unit and meetings of the Review Board are open to the public does not impact the general confidentiality of Central Registry information. The Licensing Unit and the Review Board must make efforts to insure that the data or information is not released to unauthorized persons.***
4. If full access is not allowed what, if any, information may be provided to Division licensing staff and, in turn, the Child Care Facility Review Board to enable them to carry out their mandated responsibilities to enforce the Child Care Licensing Law and licensing requirements?
See answers to questions 2 and 3 above.
5. Can the Child Care Facility Review Board enter into a closed session to discuss any facility/employee who is/has been named as the perpetrator of child abuse/neglect of whom or which information is contained in the Child Abuse Central Registry which contains information that is exempt from the FOI Act?
The answer to this question is, in my opinion, "no." The open meetings requirement of the FOIA is codified at A.C.A. § 25-19-106
in pertinent part as follows:
 (a) EXCEPT AS OTHERWISE SPECIFICALLY PROVIDED BY LAW, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings. (Emphasis added.)
 . . . (c)(1) Executive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee.
It is thus apparent that meetings of the Review Board "shall be public meetings." An executive session, for the purpose outlined in § 25-19-106
(c)(1), is the only instance in which the board may meet in a closed session.
The language of A.C.A. § 12-12-515, pertaining to the confidentiality of child abuse reports, does not, in my opinion, compel a different result. It is clear that the FOIA must be liberally construed ". . . to the end that its praiseworthy purposes may be achieved." Laman v. McCord,245 Ark. 401, 405, 432 S.W.2d 753 (1968). The language of § 25-19-106(a) makes it clear that the open meetings requirement will apply "(e)xcept as otherwise SPECIFICALLY provided by law." (Emphasis added.)
It is thus significant to note that no such exception appears under A.C.A. § 12-12-515. Nor are we aware of any other exception in this regard. Section 12-12-515(a) states that the reports "shall be confidential and may be used or disclosed only for the purposes listed in this section."**** This Code section thus outlines the permissible uses of the records; it does not create a specific exception from the FOIA public meetings requirement.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
* Section 20-78-218 states: The Division of Children and Family Services of the Department of Human Services shall continue to be the administrative agency to administer the provisions of this subchapter in accordance with the rules, regulations, and standards for the licensing and operation of child care facilities as promulgated by the Child Care Facility Review Board.
** Section 12-12-515(a)(2) (Supp. 1987) includes the following limited purposes for which a "founded" report may be disclosed: "Any investigation . . . conducted in connection with the administration of . . . (a children's protective services) program."
*** Any person who willfully permits or encourages the release of central registry data or information to persons not permitted by A.C.A. § 12-12-501 et seq. is subject to a Class A misdemeanor. See A.C.A. § 12-12-516(c) (Supp. 1987).
**** We have previously concluded that the Review Board's access to reports that are determined to be "founded" is authorized under subsection (2) of § 12-12-515(a), involving "(a)ny investigation or prosecution. . . ."